**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3693-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TAQUAN HARRIS,

    Defendant-Appellant.

_____

Submitted September 24, 2024 – Decided October 2, 2024

Before Judges Firko and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-09-2777.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Hannah Faye Kurt, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Taquan Harris appeals from a June 15, 2023, order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm for the reasons set forth in the thorough and well-reasoned opinion of Judge Ronald D. Wigler.

I.

Defendant's convictions arose out of an incident in the early morning hours of May 2, 2016, when he, while armed with a loaded revolver, entered the TKE fraternity house in Newark. Defendant went up to the third-floor bedroom, pulled out the gun, and pointed it at the victim who started to struggle with defendant over the gun. Defendant then fired the gun repeatedly in the victim's direction, resulting in the victim's death.

On September 30, 2016, defendant was indicted for first-degree robbery, N.J.S.A. 2C:15-1(a)(1); first-degree murder, N.J.S.A. 2C:11-3(a)(1); two counts of felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree burglary, N.J.S.A. 2C:18-2(a)(1); second-degree unlawful possession of a weapon without a permit, N.J.S.A. 2C:39-5(b)(1); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1).

In late September 2018, after jury selection had begun on these charges, the trial was delayed due to defendant being charged with third-degree

2

conspiracy, N.J.S.A. 2C:5-2, and three counts of third-degree witness tampering, N.J.S.A. 2C:28-5(a)(1), (2) and (3).

On October 10, 2018, pursuant to a plea agreement, defendant pled guilty to the amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:29-5(b)(1). In exchange for defendant's guilty pleas to these charges, the State agreed to dismiss the remaining charges in the first indictment, as well as the charges in the second indictment and recommended a sentence of twenty-six years in state prison, with eighty-five percent of that time served without parole eligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Throughout defendant's case and before the plea, he was represented by a public defender from September 30, 2016 through March 16, 2017. On March 16, 2017, defendant retained private counsel who continued to represent him on October 10, 2018, at the time defendant pled guilty.

Prior to sentencing, defendant filed a motion to withdraw his guilty pleas. In the interim, private counsel's motion to be relieved was granted, and defendant's former public defender resumed his representation. Judge Wigler held a hearing on February 5, 2019 on defendant's motion, during which

defendant's former private counsel testified. The judge analyzed the Slater[1] factors and denied defendant's motion to withdraw his pleas. Judge Wigler sentenced defendant in accordance with the plea agreement, imposing an aggregate term of twenty-six years of incarceration subject to the provisions of NERA.

On September 16, 2019, defendant, self-represented, filed his first petition for post-conviction relief, which Judge Wigler dismissed without prejudice pending the conclusion of the direct appeal process. The judge permitted defendant to file a direct appeal, which was heard on February 8, 2021. We affirmed defendant's sentence. State v. Harris, No. A-4017-19 (App. Div. Feb. 8, 2021).

On April 7, 2022, defendant filed a new PCR petition, initially self-represented, which the PCR court treated as his first petition. Defendant's counsel supplemented the petition with a memorandum of law and certifications from defendant and his mother in support of the relief sought.

Defendant certified, based upon his discussions with his private attorney, he understood that he would receive a lesser sentence than the twenty-six years stated on the plea form. Defendant also certified that his public defender failed

---

[1] State v. Slater, 198 N.J. 145, 157-58 (2009).

A-3693-22

to advise him that he could testify at the hearing on his motion to withdraw his guilty plea. Defendant certified that had he known he could have testified at the hearing, he "would have said [he] was innocent," and furthermore certified that he told his public defender that he was innocent.

Defendant's mother certified that, at the request of her son's private attorney, she participated in a discussion with the attorney and her son regarding a plea offer. Defendant's mother certified that her son was "adamant" that he did not want the plea offer of twenty-six years. In response, private counsel stated that this was the "only offer the State was giving him," and explained the potential sentence of life if convicted after trial. Defendant's mother further certified that counsel advised "he probably won't get the whole twenty-six years, and that she could talk to the Judge to see if we could get less than the twenty-six years." She certified that this gave her hope that her son might get a lesser sentence, "closer to the time of twenty-years that [counsel] had originally told me she thought she could get for my son."

In his PCR petition, defendant argued his trial attorneys and appellate counsel were ineffective on five grounds: (1) plea counsel gave petitioner "misadvice" regarding the sentence he was going to receive; (2) at the motion hearing, counsel failed to submit defendant's amended certification prior to the

5

hearing on the Slater motion; (3) trial counsel failed to call defendant as a witness during the motion hearing; (4) appellate counsel "misrepresented" to this court that defendant did not file an affidavit in support of his Slater motion; and (5) trial counsel failed to argue efficiently on behalf of defendant at sentencing.

On June 15, 2023, the judge conducted a nonevidentiary PCR hearing. After hearing the arguments of counsel, Judge Wigler, who presided over defendant's motion, plea, and sentencing hearings, issued a comprehensive twenty-five-page written opinion denying the petition on the basis that petitioner had failed to establish a prima facie claim for relief. See State v. Preciose, 129 N.J. 451, 462-64 (1992).

While the judge found defendant's PCR petition filed on July 25, 2022[2] timely filed under Rule 3:22-12, the court concluded the petition was procedurally barred pursuant to Rule 3:22-4, which provides only three narrow "exceptions to the rule barring a ground for relief that could have been earlier

_____

[2] The PCR court's decision refers to defendant's PCR petition being filed on July 25, 2022. However, the PCR petition filed by defendant, pro se, and submitted in appellant's appendix, is dated April 7, 2022.

raised."[3]  Pressler & Verniero, Current N.J. Court Rules, cmt. 1 to R. 3:22-4 (2025).  The judge found that defendant had failed to satisfy any exception to Rule 3:22-4.  Specifically, exception (a)(1) was inapplicable, and defendant did not demonstrate that any of his constitutional rights had been violated.  Nor did defendant demonstrate some fundamental unfairness justifying relief.

Additionally, the judge found defendant's claims barred under Rule 3:22-5, "which bars a defendant from relitigating a prior claim that was litigated on the merits."  See R. 3:22-5.  Here, the judge found that defendant sought to relitigate the same issue he raised on direct appeal now "under the guise of ineffective assistance of counsel . . . ."

Despite these procedural bars to defendant's claims, the court considered defendant's claims "rooted in R. 3:22-2(a)" nonetheless and rejected his arguments.

---

[3] Rule 3:22-4 provides three exceptions to the rule barring a ground for relief that could have been raised earlier:  (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.  Pressler & Verniero, Current N.J. Court Rules, R. 3:22-4 (2025).

A-3693-22

## II.

On this appeal, defendant raises the following arguments:

POINT I

THE PCR JUDGE ERRED IN FINDING THAT [DEFENDANT] FAILED TO PRESENT A PRIMA FACIE CASE THAT HIS TRIAL ATTORNEY HAD FALSELY LED HIM TO BELIEVE THAT HE MIGHT RECEIVE A LOWER SENTENCE.

POINT II

THE PCR JUDGE ERRED IN FINDING THAT [DEFENDANT] HAD FAILED TO PRESENT A PRIMA FACIE CASE THAT HIS TRIAL ATTORNEY HAD BEEN INEFFECTIVE IN NOT ARGUING FOR A LOWER SENTENCE.

POINT III

THE PCR [JUDGE] ERRED IN FINDING THAT THE PCR MOTION WAS PROCEDURALLY BARRED.

We review the denial of defendant's petition de novo because there was no PCR evidentiary hearing.  State v. Harris, 181 N.J. 391, 421 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).  A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

"In order to establish ineffective representation, the defendant must prove both incompetence and prejudice" under the familiar two-prong Strickland

standard. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). That is, the defendant must establish, first, that "counsel's representation fell below an objective standard of reasonableness" and, second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

As Judge Wigler noted, "even if [p]etitioner's claims [of ineffective assistance of counsel] were true, he has failed to overcome the 'strong presumption that counsel exercised reasonable professional judgment and sound trial strategy in fulfilling his responsibilities.'" State v. Hess, 207 N.J. 123, 147 (2011) (quoting Strickland, 466 U.S. at 689-90) (internal quotation marks omitted); See State v. Fritz, 105 N.J. 42 (1987).

The arguments presented on appeal are essentially the same arguments that were presented to the PCR judge. Having conducted a de novo review, we affirm essentially for the reasons stated by Judge Wigler in his comprehensive opinion.

Judge Wigler considered each of the defendant's claims and properly concluded that defendant failed to show that both prongs of Strickland had been met. First, he found no evidence that trial counsel pressured or forced defendant

into accepting a plea agreement or gave him "misadvice" as to the sentencing parameters. In fact, the record clearly establishes defendant's understanding of the plea agreement and his voluntary acceptance of its clear terms. In rejecting defendant's claims that trial counsel was ineffective at the motion hearing by failing to submit his amended certification and failing to call him as a witness, the judge noted that counsel advanced "all of the arguments that were available to him and could not advance a colorable claim of innocence because none were known to him or existed." Moreover, defendant's "bare assertion of innocence" as set forth in his supplemental certification "is not a colorable claim of innocence." Thus, Judge Wigler concluded defendant "again fails to set forth facts sufficient to satisfy the Strickland/Fritz standard."

Judge Wigler next found that trial counsel's decision not to call defendant as a witness during the Slater hearing was "within his strategy as defense counsel." The judge explained that counsel "could not fabricate a good enough colorable claim of innocence and could not let a defendant do so under oath." Defendant previously testified during his plea hearing under oath that he committed the offenses. As Judge Wigler underscored, "any assertion after the fact must be a colorable claim of innocence. There is none here." Thus, the judge rejected this claim as well.

A-3693-22

Regarding defendant's claim against appellate counsel, the judge found the appellate transcript devoid of any misrepresentation by defendant's appellate attorney. Moreover, defendant failed to establish "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The judge found appellate counsel's representation effective and concluded that defendant once again had failed to establish both prongs of the Strickland test.

Finally, the judge rejected defendant's argument that counsel failed to argue efficiently on his behalf at sentencing. Judge Wigler, who presided over defendant's sentencing hearing, provided defendant with an opportunity to address the court before sentence was imposed. Defendant made the decision, however, not to make a statement or express any remorse.

In sum, defendant's arguments lack merit because he did not establish a prima facie showing of ineffective assistance of counsel. See Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58. We are satisfied defendant's claims were fully and correctly addressed for the reasons given by Judge Wigler and require no further discourse. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3693-22